## MARIE M. MITCHARD
### *vs.*
## ANTONIO ALTOBELLO ET AL.

Superior Court       New Haven County       File No. 57331

MEMORANDUM FILED APRIL 22, 1940.

*Lewis J. Somers*, of Meriden, for the Plaintiff.

*Francis R. Danaher*, of Meriden, for the Defendants.

SIMPSON, J. The named defendant Antonio Altobello is

the owner of a piece or parcel of land situated in the City of Meriden bounded west on Grove Street and south on "Grove Place." He purchased this property January 3, 1921.

The defendant John D. Altobello has since sometime in 1932 conducted a restaurant known as "Johnny's Grill" on said premises. Previous to this time the premises were occupied by a third party. In 1935 a brick addition was erected on the southerly portion of said premises. This brick addition was built to within 11 feet 10 inches of the boundary line of Grove Place at the southwest corner of the building and within 12 feet 11 inches of the boundary line at the southeast corner.

After the addition was made to "Johnny's Grill" cars belonging to the defendant and cars belonging to patrons of the "Grill" were driven on Grove Place and headed in at the rear of the brick addition and parked there. When so parked the rear of these cars extended somewhat into Grove Place, hereinafter called "passway." I am also satisfied that cars belonging to patrons of the "Grill" at times double parked in the passway. During the past two or three years the passway became so crowded with parked cars that plaintiff's tenants could not get in and out at convenient times. I am satisfied that cars of the defendants and those of the patrons of the "Grill" contributed to this congestion.

The plaintiff seeks an injunction restraining the defendants from entering upon the passway and from inviting patrons of the "Grill" from going thereon. Whether the plaintiff is entitled to such an injunction depends, of course, upon the respective legal rights of the parties to use the passway.

It appears that prior to 1861 one Lewis S. Green owned the land now comprising the passway and land north and south thereof, but not including the land owned by the named defendant. In 1861 Green conveyed a portion of the land he owned to one George W. Lyon and in connection therewith "a passway to be kept open by me thirty feet in width to lead from the highway west of said land along the south side of Ruth Stevens and Isaac Butler's lands, to said first described piece of land to be kept open for the purpose of a road." This deed is reasonably construed as granting a right of passage only to Lyon, otherwise the fact the way was to be kept open by the grantor would be meaningless. It was so construed by Lyon when he deeded the piece of land in question to one Buechler in 1888. On April 29, 1865, Green conveyed the land at the

southwest corner of Grove Street and the passway to one Patrick Garvey. The deed described the land conveyed as bounded "north on private way" (being the passway now in question). On February 18, 1867, Green conveyed to Garvey, his heirs and assigns, the right of passing and repassing over said way to and from Grove Street.

The plaintiff has since January, 1937, owned the Garvey place as well as other land bounded on the passway and to which the right to use the passway was expressly granted. It is clear therefore that the plaintiff has an easement in the pass-way. She also claims to be the owner of the fee of said pass-way by virtue of a deed from Lewis Green Butler, claimed to be the last sole surviving heir of Lewis S. Green, dated March 31, 1939. In view of the fact that plaintiff has an easement of passing and repassing on the passway, for the purpose of this case, it is immaterial whether she owns the fee or not. "The owner of an easement whose right has been invaded and injured or destroyed has a right of action therefor. Furthermore any violation of the rights of the owner of an easement is actionable, whether any actual damage has resulted therefrom or not, for since the wrongful acts if continued might establish an adverse right the law will presume that he has been damaged. A right of action exists as against a mere stranger who uses or intrudes upon the easement, for as to such persons the rights of the owner of the easement are exclusive." 19 C.J. Easements §246.

The authorities support the above quotation. Neither of the defendants has ever been granted a right of passage over the passway. As to the plaintiff they are mere strangers unless either or both of them have acquired a right to use the passway by some other means.

The defendants claim that the named defendant has acquired a right to use the passway in connection with his land by pre-scription, and that the passway is a public street or roadway.

As stated above, the named defendant acquired title to his land by deed dated January 3, 1921. The deed describes his land as bounded "south on Grove Place." It appears from the deed that at the time he acquired the premises it was subject to a lease to one Vito Palladino for a term of two years from May 1, 1920, which the grantee assumed. According to the defend-ant John D. Altobello, Palladino and one other occupied the premises until 1932, when he, John Altobello, took over the restaurant. There is no evidence as to what use if any Pal-

ladino and the person associated with him made of the way. Nor is there any evidence as to what use if any the named defendant's predecessors in title made of the way. The named defendant testified that he peddled ice and wood along the way as long as 40 years ago, but this is of no significance except as bearing upon the question whether or not the way is a public street or highway. He testified on cross-examination that when he bought the property he did not ask his grantors if he had a right to use the property, he felt he had a right to use the way the same as anyone else did, but it does not appear when he began to use it, if he did, after he acquired the property. Before that time the use was only that use as a member of the unorganized public in peddling ice and wood. For that purpose his customers on the way had a right to have him use the way to make deliveries of ice and wood, and such use would be at their implied invitation and would not constitute adverse use under a claim of right.

Whether or not the passway was or became a public street or highway depends on whether or not it was ever dedicated to public use by the owner Lewis S. Green, when it was opened in 1861. Undoubtedly many persons used it for different purposes. Most of the use was by persons who had a legal right to use it, such as the grantees of the use, their tenants and customers and persons doing business with them. Use by others would not make it a public way unless Lewis S. Green had dedicated it as such.

In the case of LaChappelle vs. Jewett City, 121 Conn. 381, the court said at page 387: "In order to establish a highway by dedication there must exist not only a dedication by the owner but an acceptance by the public. Such acceptance is usually established by proof of the actual use of the way by the unorganized public....Without a dedication there can of course be no acceptance." And on page 386 the court said: "There must in all cases be an intention on the part of the owner to dedicate his land. This may be implied from his acts and conduct, but they must be such that his intention is clearly manifest," citing Kent vs. Pratt, 73 Conn. 573, 578.

The court also pointed out that the granting of rights of way over the passway tended to negative the existence of any such intention, as well as the making of repairs thereon by the owner and the existence of "private way" signs. In this case there exists all this indicating the negative of an intention to

dedicate the way to public use. The way was to be maintained by Green as a way to Grove Street, and on every occasion when granting title to land abutting on the way he expressly granted a use of the way in common with other grantees. So far as appears he and his grantees kept the way in repair. It does not appear that the public or the City of Meriden ever did anything in the way of upkeep of the way.

From the evidence the court concludes there was no manifest intention on the part of Green to dedicate "Grove Place" as a public highway, but to the contrary, and it does not appear that the defendants, or either of them, have acquired a right to use the passway by prescription.

There is evidence that automobiles, presumably trucks, damaged plaintiff's garage abutting on the way, and also knocked down a fence erected by plaintiff at the southerly side of the passway, but there is no evidence by whom this damage was done; there is no evidence connecting the defendants or either of them with the damage. Under the circumstances the plaintiff is not entitled to any special damage.

An injunction is granted enjoining the defendants, their servants and agents, from using Grove Place as a passageway and from parking their cars thereon, and from inviting the patrons of "Johnny's Grill", so-called, from doing so, and that plaintiff recover of defendants one dollar damages and costs.